IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD CECIL COOK, § | |
| MOVANT, § | |
| § | |
| v. § | CIVIL CASE NO. 3:16-CV-1656-G-BK |
| § | (CRIMINAL CASE NO. 3:06-CR-257-G) |
| UNITED STATES OF AMERICA, § | |
| RESPONDENT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for case management. As detailed here, Movant Donald Cecil Cook's *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* is successive and, as such, should be **DISMISSED** for lack of jurisdiction.

I.   BACKGROUND

On January 23, 2007, Cook pled guilty to possessing a firearm after conviction of a felony offense and, on June 8, 2007, was sentenced under the Armed Career Criminal Act ("ACCA") to 188 months' imprisonment and a three-year term of supervised release. Crim. Doc. 33. His appeal was dismissed as frivolous. *United States v. Cook*, 274 F. App'x 411 (5th Cir. 2008). Cook sought post-conviction relief under 28 U.S.C. § 2255, but his motion was dismissed as time barred. *See Cook v. United States*, No. 3:14-CV-1557 (N.D. Tex. 2014).

Following the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding that the residual clause of the ACCA was unconstitutionally vague, the United States Court of Appeals for the Fifth Circuit tentatively granted Cook's motion for authorization to file a successive Section 2255 motion and noted that it could not "determine, from the available

record, whether [Cook's prior Texas burglary] convictions implicate the ACCA's residual clause."[1] *In re Cook*, No. 16-10711, Doc. 1 at 2 (5th Cir. June 16, 2016). Through appointed counsel, Cook then filed the instant Section 2255 motion, challenging under *Johnson* the two Texas burglary convictions used to enhance his sentence. Doc. 2 at 7. Subsequently, this case was stayed until the Fifth Circuit, sitting en banc, held that Texas burglary convictions no longer qualify as violent felonies and, thus, cannot be used to enhance sentences under the ACCA. *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *pet. for cert. filed*, Nos. 17-1445, 17-9127 (Apr. 18, 2018); Doc. 10.

The Government now argues that Cook cannot satisfy the standard for a successive Section 2255 motion—namely, make a *Johnson* predicate jurisdictional showing—because, when he was sentenced in 2007, all Texas burglary convictions, *see* TEX. PENAL CODE § 30.02(a), were considered generic burglaries under the enumerated-offense clause of the ACCA. Doc. 20 at 5-6. Cook replies that he has indeed shown *Johnson* error. Doc. 13 at 5-6; Doc. 17 at 3-6. After reviewing the record and the applicable law, the Court concludes that Cook has failed to make the requisite jurisdictional showing.[2]

---

[1] *Johnson* was made retroactive to cases on collateral review in *Welch v. United States*, — U.S. —, 136 S. Ct. 1257 (2016).

[2] The Fifth Circuit recently denied *Appellant's Opposed Motion to Recall the Mandate* in Cook's direct appeal, in which he claimed his third ACCA predicate offense—a Texas conviction for possession of diazepam (generic name for Valium)—was a state jail felony and, thus, erroneously classified as a serious drug offense under the ACCA. *United States v. Cook*, USCA No. 07-10684 (5th Cir. Mar. 27, 2019).

## II.     ANALYSIS

Before this Court can review Cook's successive Section 2255 motion, he must make the requisite jurisdictional showing under 28 U.S.C. § 2244(b)(2) and (4). *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018), *cert. denied*, 2019 WL 1231818 (Mar. 18, 2019) (finding a "prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence"). Under the most favorable standard, Cook must show that the sentencing court "may have" relied on the residual clause in imposing the ACCA enhancement. *Id.* at 724-26. ("The dispositive question . . . is whether the sentencing court relied on the residual clause in making its sentencing determination—if it did, then *Johnson* creates a jurisdictional predicate . . . to reach the merits of [the] motion.").[3]

In *Wiese*, the Fifth Circuit held that "[i]n 2003, when Wiese was convicted of being a felon in possession, all of § 30.02(a) was considered generic burglary under the enumerated offenses clause of ACCA" and, thus, subsequent decisions interpreting Texas burglary had no effect. *Wiese*, 896 F.3d at 725-26. Because this Court is bound by Fifth Circuit precedent, *Wiese* controls the resolution of Cook's case.

As in *Wiese*, at Cook's June 2007 sentencing, the Court did not state whether it considered Cook's prior Texas burglary convictions as ACCA predicates under the enumerated

---

[3] Cook preserves for further review three arguments: (1) Section 2244(b)(4)(D) does not apply to Section 2255 motions, (2) he can rely on intervening precedent to show *Johnson* error, and (3) the gatekeeping standard in Section 2244(b)(2) and (4) is not jurisdictional. Doc. 17 at 1-3. Relying on the rule of orderliness, Cook also claims that *Wiese* is inconsistent with the prior published opinion in *United States v. Taylor*, 873 F.3d 476 (5th Cir. 2017). Doc. 17 at 3. However, *Taylor* did not adopt a successive motion standard and, thus, the rule of orderliness does not advance Cook's claim. *See Wiese*, 896 F.3d at 724 ("[W]e previously have not established a standard to determine whether the sentencing court relied on the residual clause for Johnson purposes." (citing *Taylor*, 873 F.3d at 481)).

offense clause or the residual clause. Crim. Doc. 38 at 8. That notwithstanding, because he was sentenced well before the 2008 decisions in *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (per curiam), and *Martinez v. State*, 269 S.W.3d 777 (Tex. App.—Austin 2008, no pet.), all violations of the Texas burglary statute were "considered generic burglary under the enumerated offenses clause of ACCA."[4] *Wiese*, 896 F.3d at 725; *see also United States v. Ricks*, No. 17-50586, — F. App'x —, 2019 WL 1163919, at *1-2 (5th Cir. Mar. 12, 2019) (per curiam) (extending *Wiese* to successive motion challenging 2008 ACCA sentence that preceded *Constante* and *Martinez*); *United States v. Winterroth*, — F. App'x —, 2019 WL 151332, at *1-2 (5th Cir. Jan. 9, 2019) (per curiam) (same as to 2006 ACCA sentence). Thus, "[n]othing in the legal landscape at the time of [Cook's] sentencing would have caused the sentencing court to consider whether his prior Texas burglary convictions were anything other than the enumerated offense of burglary." *Winterroth*, — F. App'x —, 2019 WL 151332, at *2.

In addition, just like in *Wiese*, Cook's presentence report (PSR) identified his prior burglary convictions as "Burglary of a Habitation" and "Burglary of a Building," and the indictments available at sentencing confirmed that he had been convicted of offenses with the requisite intent under Section 30.02(a)(1). Crim. Doc. 40 at 7, PSR ¶ 24; Crim. Doc. 40 at 26-27 (copies of indictments enclosed with Cook's *Objections to the PSR*). As Cook concedes, the Fifth Circuit had previously concluded that burglary of a building under Section 30.02(a)(1) was a crime of violence for the purposes of the enumerated-offense clause. *See United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006) (citing *United States v. Silva,* 957 F.2d 157, 162 (5th Cir. 1992)). As such, there was no basis for the Court to consider the applicability of either

---

[4] Cook's direct appeal was also dismissed prior to *Constante* and *Martinez*.

burglary conviction under the ACCA's residual clause, and Cook has offered nothing more "than a mere theoretical possibility that the sentencing court relied on the residual clause to sentence him." *Winterroth*, — F. App'x —, 2019 WL 151332, at *2.

The record further bears this out. At sentencing, the Court expressly rejected defense counsel's arguments—that burglary of a habitation "count[ed] under . . . either statute" and that burglary of a building was not a crime of violence unless force or violence was alleged, *see* Crim. Doc. 38 at 3-4, 6, 8; Crim. Doc. 40 at 23. Thus, in applying the ACCA enhancement, the Court necessarily found the converse of defense counsel's overruled arguments, to-wit: that both burglary convictions qualified as enumerated offenses. In any event, defense counsel's arguments, simply did not suffice "to put the residual clause on the sentencing court's radar in this case." *Wiese*, 896 F.3d at 725.

In sum, Cook has not met his burden to establish that, at a minimum, the Court "may have" relied on the residual clause in sentencing him under the ACCA. Consequently, *Johnson* is not a jurisdictional predicate for his successive motion and the Court lacks jurisdiction to review his motion.

### III.   CONCLUSION

For the foregoing reasons, Cook's successive motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED** for want of jurisdiction.

**SO RECOMMENDED** on March 28, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).