IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD CECIL COOK, | § | |
|     MOVANT, | § | |
| | § | |
| V. | § | CIVIL CASE NO 3:16-CV-1656-G-BK |
| | § | (CRIMINAL CASE NO. 3:06-CR-257-G) |
| UNITED STATES OF AMERICA, | § | |
|     RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Movant Donald Cecil Cook's *Motion to Alter Findings and, Alternatively, to Reopen the Judgment*, filed May 1, 2019. Doc. 24. The Government has not filed a response in opposition. As set out herein, the *Motion to Alter Findings* should be **DENIED**.

I.

On April 24, 2019, the Court accepted the *Findings, Conclusions, and Recommendation of the United States Magistrate Judge* (FCR) that Cook's successive motion to vacate sentence be dismissed for want of jurisdiction because he had not met his burden to establish that, at a minimum, the Court "may have" relied on the residual clause in sentencing him under the Armed Career Criminal Act and, thus, that *Johnson v. United States*, was a jurisdictional predicate for his successive motion. Doc. 22 at 1; Doc. 21 at 5. Cook now challenges the factual assertion in the FCR that the indictments for the prior convictions for burglary of a habitation and burglary of a building were enclosed with Cook's *Objections to the PSR*, averring that only the latter was available. Doc. 24 at 6; Crim. Doc. 40 at 26-27. Relying on FED. R. CIV. P. 59(e) and FED. R. CIV. P. 60(a)&(b)(1), Cook requests that the Court correct the erroneous finding. Doc. 24 at 8.

He acknowledges that he should have raised this issue through objections to the FCR, but states that, due to neglect or oversight, counsel failed to secure an extension of the time to object. Doc. 24 at 3.

## II.

A Rule 59(e) motion serves the very narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Id.* at 294. While it is within the court's discretion to reopen a case under Rule 59(e), *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000), reconsideration of a judgment is "an extraordinary remedy that should be used sparingly." *Edionwe v. Bailey*, 860 F.3d 287, 294-95 (5th Cir. 2017) (quotations and quoted case omitted).

Here, Cook has established that the FCR misstates a fact. The statement that the burglary of habitation indictment was enclosed with Cook's *Objections to the PSR* is incorrect. However, the error is minor and immaterial. For the reasons set out in the FCR, the Court's judgment (and the basis therefor) are nevertheless correct. Thus, reconsideration of the judgment is not warranted, and the Court should decline to exercise its discretion to reopen this case and correct the error under Rule 59(e).

Likewise, because the error is inadvertent and of no consequence, the Court should decline to exercise its discretion to correct the error under Rule 60(a). *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) ("A Rule 60(a) motion 'can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.'"); *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 504 (5th Cir. 1994) ("The court's responsibility . . . is to correct 'errors, created by mistake, oversight, or omission, that cause the record or judgment to fail to reflect what was intended at the time of trial.'").

Correcting the factual misstatement will not alter the judgment. Moreover, as Cook does not allege an error of law, Rule 60(b)(1) is inapplicable. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) ("Rule 60(b)(1) . . . may be invoked . . . only to rectify an obvious error of law, apparent on the record.").

For the foregoing reasons, it is recommended that Cook's *Motion to Alter Findings and Reopen Judgment* be **DENIED**.

**SIGNED**, June 17, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).